NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD PEOPLES, <br><br> Petitioner, <br><br> v. <br><br> STEVEN JOHNSON, <br><br> Respondent. | Civil Action No. 17-5460 (CCC) <br><br> **MEMORANDUM OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Edward Peoples ("Petitioner") pursuant to 28 U.S.C. § 2254. Presently before the Court is a Motion to Dismiss by Respondent, (ECF No. 4), arguing that the Petition is untimely. The Court has reviewed the records submitted by Respondent, and for the reasons stated below, the Motion is denied.

According to the record, Petitioner was convicted of first-degree murder on August 5, 2008. (ECF No. 4-7 at 2-3). Direct review concluded on December 13, 2012, when the New Jersey Supreme Court affirmed the conviction. (ECF No. 4-10 at 2). Thereafter, Petitioner filed an application for post-conviction relief ("PCR") on May 8, 2013. (ECF No. 4-11 at 2). PCR was denied by the trial court on April 9, 2014, (ECF No. 4-12 at 19), and an appeal was filed on June 26, 2014, (ECF No. 4-13 at 3). The appellate court affirmed the PCR denial on July 6, 2016. (ECF No. 4-14 at 2). Petitioner asserts that he then filed a petition for certification with the New Jersey Supreme Court on July 13, 2016, (ECF No. 1 at 23), and it was denied on November 29, 2016. (ECF No. 4-15 at 2). The instant Petition, dated July 19, 2017, was filed on July 24, 2017.

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on this statutory language, the Supreme Court has held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999)) (holding that the period of direct review "includ[es] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitations period is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial for post-conviction relief. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). If a denial of post-conviction relief is appealable in state court but an appeal was not filed, statutory tolling includes "the time during which an appeal could be filed even if the appeal is not eventually filed." *Swartz*, 204 F.3d at 424. However, if an out-of-time appeal is filed, even

2

if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of timely appeal and when the appeal was actually filed. *Id.* at 423 n.6 ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation."). Overall, however, "AEDPA's limitation period 'does not set forth "an inflexible rule requiring dismissal whenever" its "clock has run."'" *Jenkins*, 705 F.3d at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

Based on the Court's review, the Petition is timely. Judgment became final 90 days after the New Jersey Supreme Court affirmed the conviction on December 13, 2012, or March 13, 2013. PCR was filed on May 8, 2013, so the limitations period ran for 56 days before it was statutorily tolled by the pending PCR application. PCR was denied on April 9, 2014, and Petitioner had 45 days, or until May 24, 2014, to file a timely appeal. *See* N.J. Ct. R. 2:4-1(a), *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011). The appeal was not filed until June 26, 2014, causing the limitations period to run for another 33 days. PCR denial was affirmed, and Petitioner timely sought review with the New Jersey Supreme Court, who denied certification on November 29, 2016. Because the instant Petition was not filed until July 19, 2017, the limitations period ran for another 232 days. In total, only 321 days ran from the one-year limitations period by the time the Petition was filed. Accordingly, the Petition was timely.

Respondent's timeliness defense relies on a 296-day delay in Petitioner's filing of the direct appeal. However, as the Supreme Court has held, delays during direct appeal have no relevance to the determination of whether a federal habeas petition is timely, because the AEDPA statute of limitations does not begin to run until the judgment of conviction becomes "final"—that is, when the entire direct appeal concludes. *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009).

> [W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal[.]

*Id.* Accordingly, the Court rejects Respondent's timeliness defense. As the Court's original order to answer only authorized a motion to dismiss on timeliness grounds, (*see* ECF No. 2 at 2), and the remaining arguments in the Motion require further development of the record, the Court will not address such arguments at this time. Respondent is therefore directed to file a full and complete answer to the Petition.

**IT IS** therefore on this 29 day of May, 2018,

**ORDERED** that Respondent shall file a full and complete answer to all claims asserted in the Petition; the full answer shall:

(1) respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b);

(2) address the merits of each claim raised in the Petition by citing to relevant *federal* law;

(3) raise any appropriate defenses which Respondent wishes the Court to consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondent's answer or at the earliest practicable moment thereafter may be deemed waived;

(4) adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any *pro se* filings; and

4

(5) contain an index of exhibits identifying each document from the relevant state court proceedings; it is further

**ORDERED** that Respondent shall electronically file the answer, the exhibits, and the list of exhibits; it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondent files the answer, see Rule 5(e) of the Habeas Rules; it is further

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondent shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order on Petitioner by regular mail.

Claire C. Cecchi
United States District Judge